IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVTECH CAPITAL, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OCEAN CITY LOGISTICS, INC., LOGISTICS NETWORK GROUP, LTD., JANINKA ICEVA, and DIMITAR BOSEVSKI,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION FOR PREJUDGMENT WRIT OF REPLEVIN<br><br>Case No. 2:24-cv-00614-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is plaintiff Avtech Capital, LLC's motion for a prejudgment writ of replevin. ECF No. 15. The motion is DENIED WITHOUT PREJUDICE.

Avtech sued defendants Ocean City Logistics, Inc., Logistics Network Group, Ltd., Janinka Iceva, and Dimitar Bosevski (collectively, the defendants), asserting breach of contract and other claims. Avtech alleged that it had entered into lease agreements with the defendants for trailers, and that the defendants breached the agreements by missing a scheduled payment. On October 1, 2024, Avtech filed proofs of service of the complaint for each defendant. On October 7, 2024, Avtech filed a motion for a prejudgment writ of replevin, arguing that the court should order the defendants to return the trailers. The certificate of service for the motion and attached affidavit stated that the documents were "filed with the ECF system and [were] therefore served upon all parties." None of the defendants ever appeared in this action or answered the complaint.

Rule 64 of the Federal Rules of Civil Procedure offers federal litigants all the remedies available under the law of the state in which the court sits to secure satisfaction of a potential

judgment. Utah law, in turn, authorizes courts to issue a prejudgment writ of replevin if the plaintiff can satisfy the requirements of Rules 64A and 64B of the Utah Rules of Civil Procedure. Rule 64A(b) provides that, in order to obtain a prejudgment writ of replevin, a plaintiff must "file a motion, security as ordered by the court and an affidavit stating facts showing the grounds for relief and other information required by these rules." Rule 64A(e)–(f) requires plaintiffs to comply with notice and service requirements for motion for a prejudgment writ of replevin:

> **(e) Notice, Hearing.** The court may order that a writ of replevin, attachment or garnishment be issued before judgment after notice to the defendant and opportunity to be heard.
>
> **(f) Method of Service.** The affidavit for the prejudgment writ shall be served on the defendant and any person named by the plaintiff as claiming an interest in the property. The affidavit shall be served in a manner directed by the court that is reasonably calculated to expeditiously give actual notice of the hearing.

Avtech cannot prevail on its motion for a prejudgment writ of replevin because it has not complied with the service requirement of Rule 64A(f). The only method of service for the affidavit in support of the motion for a writ of replevin was filing the document with the court's electronic filing system. Because none of the defendants have appeared in this case, this method of service is not reasonably calculated to give actual notice of Avtech's request for prejudgment relief. Thus, the court denies Avtech's motion without prejudice to refile. If Avtech wishes to pursue prejudgment relief before seeking a judgment, it must serve the motion, affidavit, and all other supporting documents pursuant to Rule 4 of the Federal Rules of Civil Procedure, giving notice that a response brief shall be due 21 days from the date of service. Avtech must also propose a method of giving actual notice of a hearing on the motion.

DATED April 14, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge
